EASTERN DIST.
*May*, 1840.

MERCHANTS'
BANK
*vs.*
GOVE.

MERCHANTS' BANK *vs.* GOVE.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

A party cannot recover back usurious interest or discount, which he has voluntarily paid, either by a direct action or exception.

A plea in compensation and reconvention, setting up different matters, in no way connected with the plaintiff's demand, will be *rejected.*

This is an action against the maker and endorsers of a promissory note, secured by mortgage.

Gove, one of the endorsers, denied every allegation, and set up in defence, that on the 1st of August, 1837, the Merchants' Bank, (plaintiffs,) which is not authorized, by its charter, to take more than seven per cent. interest, per annum, discounted two notes for him, (defendant,) bearing each ten per cent. interest per annum, and which were made payable to a third person as payee and endorser, at the instance of the plaintiff, to evade the law and the charter; and that for the loan of one thousand and forty dollars, they required, and did receive in payment, at the end of one year, one thousand one hundred and forty-four dollars; and on the second note of one thousand and forty dollars, at the end of two years, they received one thousand two hundred and forty-eight dollars; making in all, an excess of three hundred and twelve dollars over seven per cent., the highest rate of interest authorized by the charter of said bank.

The defendant avers, that this sum was usuriously and illegally demanded and received from him by the plaintiffs, and which he pleads as a demand in compensation and reconvention of this action.

There was judgment against all the other defendants, by default.

The evidence showed that the note sued on, is the property of the Merchants' Bank; and that the two notes mentioned in the answer and plea of reconvention, were given to the United States Bank of Pennsylvania, in payment of *exchange* purchased by the defendant, and protested for non-

payment, while held by the United States Bank ; that the Merchants' Bank only acted as the agent of the former, and has never purchased exchange, at least up to the time of giving the note now sued on.

EASTERN DIST.
*May,* 1840.

MERCHANTS'
BANK
*vs.*
GOVE.

There was judgment against the defendant, for the balance due on the note in suit, and he appealed.

There was an affidavit filed for a new trial, on the ground of newly discovered evidence, that defendant can prove an equitable defence, and offset to the note in suit. This motion was overruled.

*T. Slidell.* for the plaintiff, insisted on the affirmance of the judgment, with damages.

*Durell,* for the defendant and appellant.

1. The plea in reconvention ought to have been allowed by the court below, because it was in proof that the Merchants' Bank, in all its transactions with the defendant, Gove, held itself out as principal.

2. The judgment of the court below, overruling the motion for a new trial, was erroneous, after the affidavit taken and filed as the basis of said motion.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment which rejects his claim, in compensation or reconvention, for an excess of discount or interest, between the rate of seven per cent., the maximum which the charter of the Merchants' Bank authorizes it to take, and that of ten per cent., which it received on two notes theretofore discounted for the defendant.

The statement of facts shows, that the notes stated in the plea of setoff or reconvention, were given to the United States Bank of Pennsylvania, in payment of *exchange,* bought of said defendant, and dishonored ; the plaintiff being the agent of that bank in the transaction.

The payee and endorser of these two notes, deposed that he had no interest therein, but became the payee and endorser at the plaintiff's request ; that at the time of the sale of the *exchange* by the defendant, the witness suppposed that

EASTERN DIST.

*May*, 1840.

A party cannot recover back usurious interest or discount which he has voluntarily paid, either by a direct action or exception.

A plea in compensation and reconvention, setting up different matters, in no way connected with the plaintiff's demand, will be *rejected*.

the plaintiff was the purchaser; and it was not until after the dishonor of the bills, that the cashier of the plaintiff informed him, the bills of *exchange* were purchased by it as the agent of the Bank of the United States.

It was also proved that the note sued on was discounted by the plaintiff, to take up a bill of *exchange* taken for account of the United States Bank, different from, and subsequent to the exchange 'sold by the defendant, and for which the two notes on which usurious or excessive interest is alleged to have been taken, were given.

The inferior court did not err. The defendant sought to recover back usurious interest or discount, which he had voluntarily paid. This cannot be done by a direct action or exception. *Millaudon* vs. *Arnaud,* 4 *Louisiana Reports,* 542. If it could be recovered in this way, still, the plea in compensation and reconvention was properly rejected, for it is no way connected with the plaintiff's demand. *Code of Practice,* 375.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.